# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT LEE SCOTT**, ) | |
| ) | |
| Petitioner, ) | Case No. 7:07CV00060 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*Robert Lee Scott, Petitioner Pro Se; Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Respondent.*

This matter is currently before the court on Robert Lee Scott's three Motions to Amend (Dkt. Nos. 23, 26, and 27) his original Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006).[1] After reviewing the record, I will deny the Motions to Amend.

---

[1] I construe Scott's Motions to Amend as raising claims that counsel was ineffective for: (1) failing to object to witnesses that were not credible and failing to object to hearsay evidence at sentencing; (2) failing to prepare for trial and subpoena witnesses; (3) failing to prepare Scott for sentencing; (4) failing to file a motion to request that the judge hear three tapes which "would have been favorable to [Scott's] case"; (5) failing to "accurately define the plea agreement" by informing Scott that he would not be held responsible for a prior bond revocation; (6) failing to challenge the presentence report and the upward departure; (7) having little federal criminal case experience; (8) failing to file an appeal as to Scott's bond revocation; and (9) inducing Scott to enter into the plea agreement. Scott also alleges that he did not knowingly, voluntarily, and intelligently enter into the plea agreement due to health problems and his attorney's misleading statements.

I

I find that Scott's proposed amended claim that he did not knowingly, voluntarily, and intelligently enter into the plea agreement is untimely. There is a one-year limitations period for filing a § 2255 motion. 28 U.S.C.A. § 2255, para. 6. An amendment to a pending § 2255 motion is subject to the one-year statute of limitations unless the amendment relates back to a timely raised claim, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"); *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (finding that the "relation-back" exception is available only when an otherwise time-barred claim is found to have arisen out of the same occurrence, conduct, or transaction set forth in a timely filed motion). Scott's conviction became final on March 15, 2006, ten business days after his final judgment. Scott's Motions to Amend were filed in November of 2007, well beyond the requisite period of limitations. In his prior submissions, Scott clearly indicates that he is not challenging his conviction or the plea agreement, but that he is merely challenging the sentence of imprisonment. Therefore, because Scott's claim that he did not knowingly enter into his plea agreement does not relate back to the claims raised in his initial § 2255 motion and Scott fails to explain why he did not raise this claim previously,

I find that it is untimely.[2]

Moreover, even assuming without deciding that Scott's other claims in his Motions to Amend relate back to the original § 2255 Motion, I have already determined that any such claims fall within the scope of the valid § 2255 waiver in his plea agreement. Therefore, they are waived.

II

Because Scott's claims as raised in these Motions are untimely or waived, it is **ORDERED** that the Motions to Amend (Dkt. Nos. 23, 26, and 27) are DENIED. The Clerk will send the petitioner a copy of this Opinion and Order.[3]

ENTER: December 11, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[2] If the court gives a petitioner notice that a motion to amend appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the court may summarily deny the motion. *See Hill v. Braxton*, 277 F.3d 701, 706-08 (4th Cir. 2002). By Order entered August 1, 2007, Scott was notified that any requested amendment to his original § 2255 motion would be denied as untimely if the amendment was filed more than one year after the final judgment and did not relate back to a timely raised claim.

[3] The court has granted Scott a hearing on his claim that he requested that his attorney file a notice of appeal in his criminal case and the attorney failed to do so. The court has appointed counsel for Scott in connection with this claim and hearing, but the present motions were filed pro se by Scott. Scott is advised that because he now has appointed counsel, any motions or other pleadings must come from his attorney.